Good morning. Happy Mardi Gras. We have one appeal to re-hear this morning. Council, we're familiar with your cases. We've read your briefs. The authorities cited in your briefs. Of course, because this is an en banc re-hearing, we're probably even more familiar than we the case. So in the limited time that you have this morning, feel free to get straight to the heart of your argument. Probably going to be some questions. Do pay attention to our traffic lights. When the red light shines, it's time to wrap it up. If you've saved some time for rebuttal, of course, you won't lose that if you have to keep speaking for a moment to answer any remaining questions from the Court. But do be mindful of our time. We're going to first hear from Ms. Brady. Good morning, Your Honors. May it please the Court. The parties here agree that Farmer v. Brennan sets the standard for deliberate indifference. A prison official is liable under the Eighth Amendment if he is subjectively aware of a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Can I ask you just a quick question? So it seems, as you say, like there's raging agreement about the standard at a macro level, right? Criminal recklessness. Everyone agrees that's what Farmer prescribes. It seems to me to the extent there's a disagreement between the sides, it's whether the subjective awareness must be of a risk at a generic level or a risk created or maintained by the defendant's conduct. Is that right? At a macro level, that's one of the areas where the parties disagree, Your Honor. And the Petitioner here is not arguing for a standard in which a prison official could be liable if he's simply aware that an inmate has a medical condition. There's not necessarily a risk there. The risk attaches when an inmate who has a medical condition is uncontrolled. It's the lack of medication. It's the lack of care that creates the risk. But I guess I think what the other side would say is that the risk of which the defendant must be subjectively aware is that a risk, a risk that results from his or her conduct, his or her action or inaction. And just in sort of trolling around on West's law, it seems like that is the way that recklessness is described in the case law. So like when the Supreme Court is describing recklessness even generically, set aside criminal recklessness, but the court will say things like in Borden, you know, consciously disregards a substantial and unjustifiable risk attached to his conduct. Boisin, same thing. Model Penal Code, same thing. So why is the state not right about that? Your Honor, the state is right in that the prison official needs to be aware that there's a risk. And then the prison official needs to be aware that he's responding to that risk in some way, that he's taking a volitional act. But I think it's important here to recognize that the risk is not abated or the subjective awareness of the risk does not go away if the prison official believes that someone else will handle the problem. So what the prison guard believes that another prison guard will address the risk, then he can automatically absolve himself of liability. And that's not the case. What happens is under that iteration, two guards would be able to watch an inmate die right before their very eyes. And they could both say, well, I'm not liable because I thought the other guard would handle the situation. That's not the standard. Isn't that a little bit of a straw man though? Because obviously they could both see that they weren't. One thing that I've gotten tripped up on is this exact thing, which is once we're talking about what reasonable measures are, does it have to be measures that the person subjectively believed were reasonable or does it need to be measures that objectively were reasonable? Your Honor, it's an objective reasonableness test. This court reiterated that just a couple of weeks ago in Nelson against Tompkins. Sure. But we could reiterate something different now. So and I think other circuits say that it's a subjective standard. So I'm wondering, I'm wondering why in light of Farmer, which talks about state of mind, we should be looking at objective reasonableness for the second half of the equation, even though we're looking at subjective reasonableness for the first. Your Honor, reasonableness is necessarily an objective inquiry. So the subjective piece comes into play only with respect to whether the prison officials were aware of the risk. Once that awareness is established, they need to respond reasonably. Farmer versus Brennan does not say they need to believe they responded reasonably. Farmer versus Brennan simply says they need to respond reasonably or fail to respond reasonably. And you have a culpable state of mind if you if you believe that you're responding reasonably, even if you are not doing so? Yes, Your Honor. That's what the criminal recklessness test requires. If a prison guard were required to believe that he did not act reasonably or to know that he acted unreasonably, that would elevate the standard from criminal recklessness to something like purpose or intent. And Farmer versus Brennan explicitly says that that is not required. Isn't that, and I'll move on because I'm sure other people have questions, but isn't that, I don't think you need purpose in order to believe that you're acting reasonably, even if you're acting unreasonably. Say if you, if you think that reporting, we'll take a different case, if you think that reporting an incident will mean that it gets taken care of, even if objectively that isn't likely to happen, then have you really had the culpable mindset that would be required to constitute punishment? Yes, Your Honor. That's what the Supreme Court says in Farmer against Brennan. The culpable mindset exists only in the awareness of the risk. Once a prison official is aware of a risk, he or she needs to take reasonable steps to abate that risk. And in the situation Your Honor, the problem is reasonable under the circumstances. Maybe there's a lockdown or the prison guard is prohibited by policy, or it's just simply normal procedure that someone else will address the risk. And so the prison official doesn't act that way. Is the, counsel, is Judge Grant's question addressed at least in part by the specificity of the knowledge that's required? In other words, the official can't simply have just a general knowledge of some general risk. Yes, Your Honor. But how do we determine that level of specificity? It's a classic jury question, Your Honor. We can see that the level of specificity required is not very high level, like the prisoner has epilepsy. That's not enough because there's not necessarily a risk. But once a prison official becomes aware that a medical condition like epilepsy is uncontrolled, and in this case we have party admissions from all four that there is a substantial risk at the moment they decide to take an action or not take an action. So in this case, the prison guards decided on the fourth day when David Henniger was pushing his fifth day without medication, they decided to take an action. And they said this action is writing a question mark in this medication record. They knew that this action was not solving the problem, yet they did it anyway. A jury would be able to look at that and say that response was not reasonable under the circumstances. All they needed to do, and in fact what they had been trained to do, was pick up the phone and call an on-call nurse. Can I follow up on Judge Pryor's question? So one argument that the state makes in its brief is that the nurses and the prison guards have to have subjective, sort of a subjective understanding that four days without medication creates a serious risk of substantial harm. You resist that, I think, in your reply brief. Could you explain what you think the response to that is? Your Honor, the level of specificity does not need to be four days. That would again elevate the standard from awareness of a risk to a near certainty or a belief of impending harm or a belief that harm will befall an inmate. These are all words. They are above criminal recklessness. These are purpose and intent words. Farmer v. Brennan says that a prison official needs to be only aware of a risk. And in this case, all four of the defendants admit that several days of unmedicated epilepsy can create a risk of death. So applied to the facts of this case, that standard is satisfied, at least to the point that a jury could review it and find that they were aware that Mr. Henniger faced a risk. The panel concluded as much, Your Honor. The panel concluded that at least with respect to three of the defendants, they were aware of the risk that Mr. Henniger could have a seizure because he was unmedicated. And courts in other circuits have found similar risks in other instances. The Sixth Circuit in Parsons v. Caruso found that one missed dose would create, one missed dose of Dilantin would create a substantial risk or at least a jury could infer. The Fourth Circuit in Madison v. Kilbourn found that two missed doses could create a substantial risk of harm. So the number of days is not really an issue. That is much too specific a level of subjective awareness to require, given Farmer's mandate, that the prison official need not even believe that harm will befall an inmate, but simply that they be aware of a risk that harm will befall. Can I just follow up on Judge Brasher's question? I think one difficulty I am having is that as we slide sort of up or down the scale about the level of specificity with respect to the subjective awareness of the risk, it is not just epilepsy. It is uncontrolled epilepsy. Maybe it is not a specific number of days, but that just seems to sort of like shove everything into the second prong, right? Now it is all about conscious disregard, failure to take reasonable steps. And you said earlier it could be that in the circumstances one corrections official could reasonably believe that the other one was going to take care of it. The other one might reasonably believe that the first guy was going to take care of it. So it is hard for me to figure out sort of how this debate then about this level of specificity at which the subjective awareness attaches is dispositive. Why does it matter if everything then just comes down to conscious disregard and now we are going to talk about reasonable means of abatement? Your Honor, it doesn't matter in this case because there is no dispute that each of the four defendants were aware of the exact harm that would occur from this particular deprivation of medication. So in this case, it doesn't matter. That is not true for Lieutenant Stroh though, is it? Your Honor, a jury could also conclude that, I remember we talked about this last time. Exact thing. Yes, Your Honor. So Lieutenant Stroh has an epileptic son and he said that five days of unmedicated epilepsy would be a problem. Here, David Henniger was on his way. He said, I don't know. He was asked about five days and he just said, I don't know. Yes, Your Honor. And that is something that a jury could evaluate and say, this detective said, I am aware that it is okay to miss Dilantin from time to time. Combine that with the plaintiff's expert in correctional medicine who said, guards know that they are taking needless risks when they fail to provide even one dose of medication like that. Is needless risk enough? So I've heard you say a few times that they have to know about harm and they have to know about risk. But it seems to me that there needs to be a substantial risk and it needs to be a serious harm. Those things have to matter. Those words have to matter in the specificity requirement that seems to be what a lot of my colleagues have asked you about, right? Yes, Your Honor. The words that do matter and these are words that juries evaluate all the time. So once the conduct gets into this area where he says, five days might not be okay, time to time is okay, corrections expert says missing even one dose, guards know that this is potentially very risky, this is something that a jury just simply needs to evaluate. And on these facts, there is the level of specificity that's awareness of a specific harm that's well beyond the hypotheticals that the defendants are posing in their brief, which is the defendants here were aware of a very specific harm. They were aware of unmedicated epilepsy. They were aware that a few days of unmedicated epilepsy can kill a person. And they were aware that David Henniger was not getting his epileptic, his anticonvulsant medication. So under these facts, a jury could find that that standard is very easily met. Should it matter, should we be troubled by the fact that your description of what juries should be deciding here with respect to subjective awareness, seriousness, substantiality, reasonableness, are there summary judgment cases? Because it seems like every time we sort of press you on one of these hinge points in the analysis, you say that's for a jury to decide. Every time it sort of feels like. So where are the cases decided as a matter of law, if ever? Yes, Your Honor. Courts grant summary judgment for defendants in deliberate indifference cases all the time. And it can be because the risk, the court finds that defendants were not subjectively aware of a risk. And it can be because the defendant presents evidence that he was not subjectively aware, that he didn't see the records, that he wasn't, didn't know what the medical words meant. I mean, there are all kinds of examples of instances in which prison officials are found not to be aware of risks. But this case presents a clear jury question. And the Farmer v. Brennan standard, this very clear two-factor test, allows all of the inquiry that's necessary in order to be able to find deliberate indifference. So loading up this standard... Isn't part of the answer that the standard gets applied contextually? And if you have a case involving a prison official taking a certain course of action to mitigate a substantial risk of serious harm, chances are there isn't going to be deliberate indifference because the prison official took some action, although it might have been a mistaken action. But in a case like this, which can be characterized as the denial of medical care, the context is different. And that's why the first prong, the subjective prong, doesn't always get folded into the second prong. Because if there's no action whatsoever, that's one way of looking at the problem that the prison official faced after having subjective knowledge. Exactly, Your Honor. And I see that my time has expired. May I briefly respond? Yes. So to Your Honor's question, the question about subjective awareness being folded into disregard, these are not always jury questions. As Judge Jordan noted, there's still a bunch of other things that a defendant would need to... Or a plaintiff would need to show in order to establish deliberate indifference. So if there's a question about whether a prison official was subjectively aware of a risk, the inquiry would next turn to whether they responded reasonably or they failed to take reasonable objective steps to respond. So these cases don't always go to juries. This case should go to a jury, Your Honor, because each of the two farmer factors have been established. Okay. We have your case, Ms. Brady. Well, you've answered the question, Ms. Brady, and you've saved six minutes for rebuttal. Let us hear from the State. Thank you. Thank you, Your Honors. Thank you, Your Honors. May it please the Court. Wade's standard is not subjective criminal recklessness, and it's not close. It is barely more than negligence. In Wade's view, as soon as there's some general awareness of a risk, you have to act reasonably. That's negligence. That's just saying I have to act reasonably as long as I know this person has cancer or as long as I know this person was diagnosed with some illness. But doesn't the illness or the condition affect whether or not the risk is substantial, whether or not there's a substantial risk of serious harm? Oh, it's fine. I mean, if you have an underlying condition, for example, you get migraine headaches all the time. A delay of medication to combat the migraine headaches may not result in a substantial risk of serious harm to you. There'll be pain, there'll be discomfort, but you're not going to have, you may not have long-term effects. You know, you can put that at one spectrum of the case law. But if you have something where the medication is needed, right, to stay alive and to not have a heart attack, to not have a seizure, doesn't the calculus get shifted? It does, but that's going really to the objective side of the test, Your Honor. Whether there's a serious risk of substantial harm, that's the first part. Objectively, is there in fact a serious risk of substantial harm in the absence of some action by the defendant? Then the subjective awareness is, do I know there's a substantial risk of serious harm in the absence of some action by the defendant? And that's the part of the test that Wade is trying to set aside, and that's the most important part of the test. It's the part that makes this a subjective test as opposed to an objective test. If it were anything else, we would You think it's completely subjective? No, the test has both an objective requirement and a subjective requirement. And I want to just briefly get to this reasonableness. The Supreme Court does talk about reasonableness in Farmer, but that's an additional hurdle that the plaintiff has to overcome. It is not somehow folded in to the mens rea requirement. And let me give you a very easy example of what I mean. Let's say, like in Hoffer a few years ago, the Court talked about the expense of certain medical treatments. So let's say you have some medical condition that everyone acknowledges objectively there's a serious risk of substantial harm if you don't use this particular medical treatment. And they all know it. They all acknowledge, yes, we are aware of this. But it costs $100 million, right? It can still be reasonable not to, in fact, take that course of action, even though everyone is aware that there is a subject you know, that there's an objective risk of serious harm if they don't go down that road. Similar example might be if there's a Well, sorry. With that example, so you mean the economic impact determines whether or not the decision is reasonable? Oh, absolutely, Your Honor. And I don't want to fight about the impact in any given case. But, yeah, if you have some sort of situation where it's completely impractical for the prison to provide some medical treatment to everyone who has this, as the Court noted in Hoffer, you know, prisoners are not guaranteed better medical treatment than what someone outside of the prison might be able to afford, that's where that reasonableness comes in. It's another burden that the plaintiff has to overcome. It is not — Farmer is not sneaking a sort of negligence-plus standard back into criminal recklessness by talking about reasonableness. The entire opinion is talking about how it's cruel and unusual punishments, not cruel and unusual conditions. We're looking at the mens rea of this specific person. Well, but the Supreme Court has also recognized many times that people who are incarcerated are completely under the whim of the corrections institution. And so how can it not be reasonable for someone to get the medical care that they need when outside of the prison they would be able to access it without that barrier? Well, so in any given — so there are going to be lots of different cases when it comes to talking about the cost of particular medication or something like that. And I think as the Court in Hoffer really well laid out, it's an analysis. You have to look at it. You can't just say because the prison said that it's too expensive, therefore they win. But there are definitely going to be cases where not addressing the problem is reasonable even though there is something that could, at least in the abstract, address the problem. I'll give another example. And again, this is just fleshing out that third requirement, that the — you know, even if they're aware, they can still respond reasonably. Suppose that you have a prison fight, and, you know, two people are attacking a third, and a prison guard sees this, is subjectively aware there's a serious risk of substantial injury, also knows, you know, I could get involved right now and probably mitigate that risk. But also, I might then get attacked. I might be in grave danger, and I'm all alone. And so they don't, in fact, immediately intervene. Because they know, for example, other guards are on the way. They're waiting for backup. Yes, or they might go to get backup or call backup or something like that. In this case, and I think the easiest way to demonstrate the difference between our understanding and Wade's understanding is with the guards. Wade made a number of factual assertions about both the nurses and the guards that I think are inaccurate, but here's something we all agree on. The guards on night four put another question mark in the MAR, believing — it's undisputed they believed that medical was looking at this. And they told Hennigar, who has free reign in this prison. It is — he's not in lockdown. He's not in administrative segregation. In the morning, you should go see medical to see what's up, see why you're not getting your medication. That is the circumstance. That is — it's all those facts that you look at to say, is that can we draw an inference that they were subjectively aware of a serious risk? And there is no way you can do that. They thought that they had alerted medical, and they thought that he was going to go tell them in the morning that he needed his medication. That's the level of risk that you're looking at. You — you do not give to the jury the question of the level of specificity at which you analyze the risk. I mean, that is — that is turning this into a completely different test. Well, let's talk about what the test is and maybe why we're here. So, if you could articulate the criminal recklessness standard. And keep in mind this. So, we have some cases that have said that it's more than mere negligence. That's language informer itself. Others that have said that it's more than gross negligence. But is either of those formulations, more than mere negligence or more than gross negligence, actually part of the test? No, Your Honor. And first, I'll give you what the test is, and then I'll tell you that actually the plaintiff is trying to get back to that weird formulation. The test is, are you, the defendant, subjectively aware — so, not should have been aware. You are, in fact, aware of an excessive risk of serious injury in the absence of some action, you know, an action on your part. Whatever action it is that they're claiming that you should have done. That's the test. You don't then ask, well, was that beyond gross negligence? That is beyond gross negligence. That's criminal recklessness. But let me explain to you how Wade is actually trying to get back to this weird formulation that — It's the first part of the test. Oh, yes. Absolutely. Finish the test. Well, so then — and then, in that circumstance, so if you are, in fact, subjectively aware of an excessive risk of — Did you disregard it? Then you have to disregard it. Yes, exactly. And in fact, you have to disregard it by not acting reasonably. So you actually can not do anything. But if it's reasonable to not do anything for, you know, the — like in the examples that I gave earlier, Wade, on off, the problem of her test just being a negligence test says, well, reasonableness isn't — doesn't always mean that you weren't negligent, and then says you need to be a gross deviation from reasonableness, which is just a way of restarting the problem that this Court got into over the last two decades in kind of talking about, well, does it need to be negligent, grossly negligent? And the only reason to get into that is if you have already mistaken the earlier part of the test as some sort of general awareness of some general risk, as opposed to I specifically need to know that I need to do something or else there's going to be an excessive risk of serious harm. But the bottom line is, you would say, is that there has to be the subjective awareness and then the disregard of that risk. And that's it. That's the test. And that's all the test. Yes. And if we got rid of — if we got rid of any reference to negligence, gross negligence, it would probably be helpful, right, just to say that. Yes. I agree with that, Your Honor. The only two notes I would add to it, of course, is as Farmer makes clear, even if you're aware and even if there is an objective of serious risk, if you act reasonably, it doesn't matter. Acting reasonably, you're never liable. And the other thing that I would say is, absolutely, the Court should get back to the correct test. But part of the reason I think that the Court went down this road of adding this other part is because it didn't emphasize what the correct test means. And it started to, in certain cases, I think, and I think this started in McElligot in 1999, started to look at it kind of the way that Wade is looking at it, with this sort of, well, are you generally aware that there's a risk here? Okay. And then are you acting the circumstances that cannot be cruel and unusual? Is the reasonable measure piece an affirmative defense for the State to be able to show, yes, I disregarded, yes, I had awareness, but in this case, it was reasonable, similar to what you described. And can I finish? Let me finish. Sorry. Similar to what you described in Hoffer. Or is it part of the prima facie case, in order to overcome summary judgment, that the plaintiff has to show that not only was there the subjective awareness component, not only was it disregarded, but that the State acted unreasonably under the circumstances? So I think they have to establish that it was unreasonable. So now, because that is more of an objective test, it's going to be less about the inner workings of the mind of the defendant in the particular context. But just to give, I go back to the Well, no, I'm sorry. But what is that test, then, in terms of reasonableness? If it's not the subjective knowledge of the person, then what is it? Well, I think it's what the reasonable person would do. Or what is reasonable according to whom? You're in prison. As you said, they're not going to spend a lot of money on your medication. For some person outside of the prison, that's unreasonable. But you're telling us, because you are incarcerated, it is reasonable. No, no, no, Your Honor. And to be clear, I'm not making any merits judgments about what would be reasonable, where medication is expensive, or where there's a prison fight, and you're worried about your own personal safety, or something like that. My point is simply that it is the plaintiff's burden to prove that your to prove it was unreasonable for you to deny me this very expensive medication, or unreasonable for you not to get involved in this prison fight. It's not And I'm asking you, how do we determine what is reasonable? Oh, this, I mean, this would just be going back to, you know, essentially a reasonable man, you know, it's kind of normal tort standard. It would be an examination of what is the reasonable person going to do under that circumstance. And any, I mean, the facts vary so widely, I don't think I can give a more specific response than Which is why that's a problem, right? Because the Supreme Court has also talked about evolving standards of decency, a maturing society where morality or views change. So how can we attach a reasonable, as you said, man, I would say reasonable person. How do we attach that to the test as Judge Love just tried to describe it? Well, Your Honor, I understood Judge Love's question to be more about whose burden it is. And so no matter who has the burden, you're still going to have to figure out the standard. I don't think that somehow the evolving standards of decency would come into this. I don't think the Supreme Court has ever suggested that they would come into the analysis of a criminal recklessness, cruel and unusual punishments, deliberate indifference claim. I think that the court would just do it the same way that it would look at any legal standard that requires a reasonable person test, taking into account, of course, that prisoners have certain restrictions on their activities that might make what the reasonable person has to do different. Although I will say, not to get too far down the facts of this case, in this particular case, the restrictions on Hennigar in terms of being able to go to the medical office, having every imaginable opportunity to tell anyone he wants that he needs medication, there really weren't any restrictions there. How context specific, and this goes to Judge Abudu's question, how context specific do we get in the reasonableness determination? In other words, it's one thing to say, is it reasonable to give medication? It's another to say, and I think the plaintiffs make this point, it might be reasonable to do what the officers did on day one by putting the question mark or making the mark there. But that same action may be unreasonable on day four. And I guess I use that as only an example to say, how context specific is this inquiry in the same way we were talking about the specificity of the subjective awareness part of this? It's exceedingly context specific in that you're asking about a specific lack of action. So if you're saying, if the question is, well, is what the officers did on day four reasonable, you would look at all of the facts by day four. But I also don't think that you would ever get to that point in this case, because their subjective awareness was plainly not there. They thought they were letting medical know. Let's assume now, General, that the court is not going to apply the standard. That's fine. The en banc court has asked the parties to brief what the correct standard is. Yeah, and I just want to use the, I'll just use the facts of this case to illustrate where I think the difference, the difference I'm trying to draw is. You would not ask, on day four, did the officers act reasonably? You would ask, on day four, were they subjectively aware of an excessive risk of serious injury in the absence of some action? Now, the action that Wade wanted them to take that they did not take was calling the nurse. So you would say, given all the facts, can we infer that they not only should have, but did, in fact, infer that not calling the nurse was going to lead to an excessive risk of serious harm? And given that they had Why isn't that the second part, though? Why isn't that disregard the risk by not acting reasonably? It just seems like they're getting mushed together. Why isn't the first part subjectively aware of an excessive risk of some injury in the absence of some action? Doesn't matter what the action is, right? Just there's some excessive risk of some injury if I don't act. And then the second part is where you would ask, did they disregard the risk by not acting reasonably? Why isn't that the right way to look at it? Two points, Your Honor. The first, at an abstract level, because you're trying to identify their culpability for not doing something specific. Wade is saying they should have done something. Were they culpable for not doing that? You have to take into account all of the facts and awareness they would have had. But second, I'll give you a very clear example of why we have to be right about this. And it's an example that we put in our brief and Wade has never addressed. A doctor identifies some risk, some serious risk, some serious disease. There are two possible treatment options. The doctor mistakenly, good faith but mistakenly, goes with a third treatment option that is just not reasonable. It's malpractice. It's not the one you should do. But the doctor believes, subjectively speaking, that that is appropriate, that that addresses the risk. When the plaintiff comes in and says, you should have done option one or two, you don't just say, well, you were aware of the risk and you didn't act reasonably. That would just mean we're in medical malpractice territory. And if there is one fixed star of this area of the law, it's that medical malpractice, ordinary torts, that is not what we're trying to get at. Isn't that a situation where the official took some action? Isn't that different than a situation where the official takes no action? Oh, it's certainly different, Your Honor. But the reason that taking some action is different is because it changes the factual scenario. You're now no longer subjectively aware of a serious risk. No, you are. No, you are subjectively aware of the serious risk. You just mistakenly thought you took care of it by going with treatment option three as opposed to treatment options one and two. That, the reasonableness of your conduct on prong two, which is objective, right? You agree that it's objective, the second part. Once you get, well, I would say the third part, but yes. No, there's only two parts. Well, there's the objective, it has to objectively be a serious risk of substantial harm. That's number one. Number two. Then you have to be subjectively aware of a serious risk. Okay, you're right, you're right. I put the two together because you can't have knowledge of an objective of a substantial risk of serious harm unless there is a harm. Yes. Okay, so that's prong one, that's subjective with a little bit of objective built in, okay? The second part is, according to Brennan's language, disregards that risk by failing to take reasonable measures to abate it. Again, going back to the question I asked your opponent on the other side, this is contextual, and that objective second prong is applied depending on whether the official took some action, which may or may not have been right, may have been just negligent, to put that We have cases, before we ran into this more than mere negligence, more than gross negligence thing, we had cases which escaped that gloss, either of those glosses, and they described what happens when there is a denial of medical care for a serious condition which can lead to a great risk of harm. That just seems a pretty simple approach. You take issue with them? The reason I'm slightly taking issue with it, Your Honor, is that because we agree that there's no third or fourth requirement of them being grossly negligent or something like that, the only way to understand the medical malpractice case that I just laid out is that there are actually two different situations. One is, I've diagnosed that there is an excessive risk. I need to do something to address it. And because the doctor does, in fact, do the thing he thinks is going to address it, there's then a second situation, which is he has addressed it, and now he's no longer aware of a—he's no longer subjective about the serious risk. With respect, I disagree. You're folding subjectivity back into the second prong, which is completely objective. You have to—oh, I'm sorry. You have to guide. This is my personal view, so I'm not trying to project it onto you. Once you have knowledge, subjective, actual knowledge of a substantial risk of serious harm, what you do in response to that has to be measured objectively, right? Let's—you used the facts of this case for an example. I'll use them for a little bit of an example, too, in a hypothetical. So in this case, an official knows that if you don't give someone epilepsy medication in this sort of context for a significant period of time, that person is likely to have a seizure, which can have fatal effects. Okay? Take that as a given. The person, the official, says, I think in this case, I've seen him walk around. I think he's got a stout personality, and I think he'll be able to hold on if I don't give it to him for another extra three or four days. He may subjectively think he's okay in taking that course of action or not taking it, but that's got to be measured through an objective lens, does it not? So it depends. If you're saying he thinks that he's going to be okay for a day, so he— No, but he knows. He knows that delaying medication past five days, let's say, creates a serious risk of substantial harm through a seizure and maybe something worse than a seizure. But in his mind, he says, I really can't be bothered. If I let him go for two more days, I think he'll still be okay. He hasn't exhibited any signs. That has to be measured. Whatever the result is, that has to be measured objectively, right? Well, the reason that I am pushing back a little is because you're talking about what he thinks, and if he thinks he's going to be fine, then he isn't really subjectively aware of the serious risk. No, he is. He knows subjectively that the medical literature and everybody tells him, and the doctors have told him, five days. That's the danger point. Yeah, so if he's in his own head, if he subjectively says, he's in a substantial risk of serious harm if I don't do something and I'm just not going to do anything, then yes. Because I think he can go another two days. Well, that's where I'm getting a little confused by the hypothetical, admittedly, Judge Jordan, because it seems like that's going to his subjective awareness at that point of what the risk is. But if I could just clarify my position on this, because I see I'm well out of time. That really gets to the jury's province, doesn't it? And what his subjective awareness of serious harm is. So given different fact patterns, there needs to be evidence from which you could infer his subjective awareness. But the point that I just want to make as I'm wrapping up is that under Wade's theory, if the response is analyzed objectively and the risk is analyzed at the general level as opposed to the level of what action are you complaining I did not take, pretty much every medical malpractice claim is going to be a cruel and unusual punishment claim because the doctor always knows there's a risk. And when they screw up, they acted unreasonably. Doesn't the farmer test deal with that? Because in your medical malpractice case, the doctor who thinks that option three, which is not a viable treatment, thinks that this is a viable treatment, then the doctor has not disregarded the risk. The doctor has said, I know you have a substantial risk, but I think option three works. So don't we avoid the medical malpractice problem that you're talking about? Yes, but the reason that the doctor has not disregarded the risk is because they believe that there's not an excessive risk once they do this thing. So that's where the subjective awareness comes in. No conscious disregard. And what Wade is trying to do is turn that into an objective test. Well, yeah, you did something, but it wasn't reasonable for you to do that thing. And another very basic example would be guard knows that this person needs medication. So it's not exactly the facts of this case, but guard knows this person needs medication, calls the nurse and says, this person needs this medication. Turns out the guard should have known that the nurse was not on staff that night. And he just, he called into the ether, right? And left a voicemail for nobody. You would not say, well, that was negligent, that was unreasonable, therefore cruel and unusual punishment. You would say he was not aware of an excessive risk because he thought that this nurse would then take care of the problem. That's exactly my question to you, which it sounds to me like instead of having a three-part test, what you're really arguing for is still the two-part test. But the second standard is objective two. If the person takes action that they think will reasonably address the problem, then they haven't shown a conscious disregard for that risk. Why are you arguing for a three-part standard instead of, or importing maybe a step two into step one, instead of being open about the fact that you're looking at a subjective inquiry for the second part? So we absolutely think it's a subjective inquiry, Your Honor. The difference is what we're talking about is deliberate indifference. In all of these situations, the claim is you didn't do something you were supposed to do. So to use this, again, to use this case as an example, the guards marked the MAR, told Hennigar to go to medical, and then did not call the nurses themselves. And so Wade is claiming they should have called the nurse themselves. And so the way to analyze it is, did they have a subjective awareness of excessive risk of a serious injury on the basis of not calling the nurse themselves? That's the action that they're really challenging. I don't understand why that's said, though. Why isn't it, did they have an understanding of a subjective risk of injury if he didn't get his medicine? So the first part is settled. And second, did they do something that they thought was reasonable to address that risk? The reason that I — I'm not sure how different that test ultimately is, Your Honor, but the reason that I'm pushing back against that a little bit is to go back to Judge Newsom's question to start this. Criminal recklessness is about the action you did or did not take. It is not — it's about the subjective awareness of what you failed to do in a deliberate indifference context. It is not — you don't ask first, is there some general awareness of risk? It's, is there a specific awareness of risk for when I do not do this thing? And I think that that's the cleaner and more, you know, certainly more in line with the way that courts have understood subjective criminal recklessness over time. But admittedly, I'm not sure, as a practical matter, it gets too far from what you're talking about in terms of just saying, well, if they believed their response was sufficient, why isn't that enough? I think if you analyze it that way, you're pretty much always going to get to the same place. Just to make sure I understand, for the two-part farmer test, you're saying that each piece has both an objective and a subjective component? So I would put it into basically three pieces. There has to be an objectively serious risk of substantial harm in the absence of your action. You have to be subjectively aware of that in the absence of your action. And then — and this is the third part, and this part we acknowledge is objective, but only because we're — it's very hard to get to this part. Even if you are subjectively aware that you need to take some action, it can still be reasonable not to do that, and that part would be objective. But the reason that we're rarely getting to that situation is almost always, as a subjective matter, you're going to not be aware of some serious risk to the inmate. But there is that serious risk requiring action and subjective awareness of that risk requiring action. Not taking the action can sometimes be — Okay. Thank you, General. I think we understand your case. You've answered a lot of questions from us well over your time. Ms. Brady? Your Honors, the parties agree that the Farmer test is two parts and does not include a freestanding element of whether the — of a discussion of negligence. This Court can issue an opinion and should issue an opinion saying, Farmer v. Brennan sets the standard. Awareness of  harm and disregard of that risk by failing to take reasonable measures to abate it. And then the Court can — Apply that. Send it back to the panel and apply the standard. Yes, Your Honor. In fact — And forget about this negligence versus gross negligence stuff because it's just not part of the test, right? Exactly, Your Honor. And I think it's important to note that under that standard, that two-part standard, the panel found that three of the defendants satisfied that standard. The panel found awareness of a risk and disregard of that risk. The case should be reversed and sent to a jury. I think what's evident from the panel's questions to the General is that adding a bunch of elements into this is subjective and when did they think they knew about a risk and what did they think about their response? This is very confusing. And Farmer v. Brennan doesn't say anything about it. Farmer v. Brennan lays out a clear test that other circuits across the country and trial courts apply consistently all the time. If trial courts can't resolve it at summary judgment, then juries evaluate those questions. Is the answer to your opposing counsel's question or the hypothetical he raises about a doctor knows that there is a substantial risk of serious harm for a specific diagnosis that's there, undertakes not reasonable option one or reasonable option two, but ultimately option three, which experts would say or in general would say is not reasonable, but that the doctor believed was okay. Is the answer in the disregard part of the test? In other words, in that case, you would say, or maybe you would say that it is an Eighth Amendment violation, but would you say that's not an Eighth Amendment violation because there the doctor did not disregard? In other words, he took action, it just was not maybe the right action or what other doctors would have done. As opposed to a doctor who knows about it, who just sits there and decides to, you know, play wordle on his phone and then the prisoner expires as a result. Those are different things. And does the disregard piece of that filter in claim yes or claim no? The defendant doctor's belief about whether their response was reasonable and is one factor to be considered and part of the objective disregard standards. So if a doctor thinks, yeah, hey, I did a great job, I took unreasonable option three, and that's objectively unreasonable, liability could still attach. So the answer is, the answer to my question is the disregard element has nothing to do with it, that even a doctor who takes hundreds of thousands of dollars worth of action, in the belief of that doctor that he was trying to save the prisoner's life and doesn't. Although there are three experts who come and say that was ridiculous, you should have done option one or two. That person is unconstitutionally liable. How does that not put us in medical malpractice territory, where everyone agrees that is not a basis for an Eighth Amendment claim? Your Honor, it is a highly fact-bound inquiry. I see that Your Honor is frustrated, but I think that that is one of the things about this test that allows determinations on clear facts. Like, in this case, there was no care taken. This Court has a long line of... Right, but isn't that what separates a successful claim from an unsuccessful one? In other words, where someone acts in the belief that their act is going to do something, but it somehow doesn't result in what should be there, in what would ultimately stop something from happening. How is that not different from a do-nothing claim, where they just didn't act in any way in which any reasonable person, and even the officers themselves, didn't believe would lead to something to abate the problem? Your Honor, they are different, absolutely. Failure to take any steps or do basically nothing, as the language this Court has used, is a much clearer case of deliberate indifference. Can I sort of adjust the facts a little bit? Let's take it out of this case. Let's say that a prisoner has a... I'm sorry for the graphic nature, but you'll understand why for the purposes of the legal questions. A prisoner has a really bad compound fracture, bone sticking through the skin. Doctor comes and gives him a dose of Tylenol and sends him back to a cell and does nothing further. Action has been taken. Is it reasonable? No, Your Honor. Even if the doctor thinks that that's good enough? Even if the doctor says he thinks that that's good enough, is that reasonable? Or do we have to consider whether no objective, reasonable person could ever believe that that was going to be enough? Your Honor, that wouldn't be reasonable under the circumstances. This Court has a long line of cases that say that, you know, failing to treat extreme pain with Tylenol can be deliberate indifference. It's not even just that, right? I mean, the bone is sticking through the skin and the inmate has been sent back to a cell with no further treatment, other than just to give him a little bit of Tylenol. Obviously, the bone is not going to heal itself. In other words, are there some circumstances where it's just so obvious that it's not reasonable? It can't be reasonable for any trained doctor to believe that it's reasonable. It's not a negligent situation. It's just above and beyond that. We don't even have to get into negligence, but I'm just for purposes of trying to explain how obvious this is, where it would satisfy the test for showing that the doctor had acted in a way that was not reasonable. Yes, Your Honor, and as Your Honor noted, it's fact specific. Wouldn't that just be a very easy case of showing a credibility issue for the doctor? If the doctor went before a jury and said, I believed it was reasonable to give this man Tylenol, a jury is just not going to believe that. So I don't think you actually threaten good cases on your side by saying, we decide if the doctor or the prison official thought that what they were doing was reasonable, because if it was totally unreasonable, you're going to easily be able to prove to a jury that that's not really what that person was thinking. Well, go ahead. I have a follow-up for this. Go ahead. Exactly, Your Honor. That a prison official or a doctor's belief that they acted reasonably is one consideration in the overall objective reasonableness. But doesn't this really go to whether then there's a jury question, a dispute of fact about the subjective knowledge on the part of the physician, and that the knowledge of the excessive risk is a risk of what, right? A risk that if I give him Tylenol, that's not going to do the job. Right? As opposed to one who really thought that. It might be you have then a disputed issue of fact the jury has to resolve. He could not have possibly believed that giving aspirin to this person, this inmate who has the bone protruding from the skin, was a way to address that. It really does go back to that, but you avoid summary judgment because there's a dispute of fact of whether he could have possibly believed that. Yes, Your Honor. But that doesn't go to the doctor's perception of the risk. I think under the hypothetical, the doctor, the risk is obvious, so obvious, the doctor. A risk of what, though? He knows that this person has a medical condition and has risk. But part of his subjective awareness, too, is it's not just doing something, it's doing something specific to address it, right? The evaluation of the something specific to address it is the response element. I think in that hypothetical, the risk would be a risk of severe pain. It would be the bone setting improperly. It would be gangrene infection, anything like that. Those are all risks that the doctor is aware of. So then the question is, was Tylenol reasonable? Maybe he thinks it was, but that does not absolve him of liability. Well, what if the doctor realizes, gives him Tylenol, but also calls the paramedics because he can't treat it at the prison, and he calls to make sure that he is transported to the hospital, and then he leaves for his shift, and he doesn't come back for two days. And in that meantime, nobody has come and picked up the prisoner. What happens then? I think, without saying definitively, that could potentially be a reasonable response. If he calls the paramedics, he has acted, he believes he has addressed the risk, and a jury could say, oh, that was reasonable. That was a reasonable thing to do. Calling 911 in a medical emergency, pretty reasonable. But I think that it is important to recognize that the assessment of the risk is what did the officer know at the time he acted or declined to act. So in this case, as an example, the defendant officers were aware that David Henniger was unmedicated and faced a substantial risk of seizure. They told him at 9 p.m., go see a doctor in the morning. They thought the doctor would take care of it, but they knew that there was a risk that he could have a seizure overnight. They knew that it was going to be eight more hours before medical got there and could possibly address the risk. So it might have been reasonable for them to believe that medical would address it. But they accepted the risk that he would have a seizure overnight, and that's exactly what happened. Okay, Spready, I think we understand your case. Thank you very much. We are adjourned. All rise. Thank you.